IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JUDY L. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV95 |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Judy L. Lawson, brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), as amended (42 U.S.C. §§ 405(g) and 1383(c)(3)), to obtain judicial review of a decision of the Commissioner of Social Security denying her claims for Disability Insurance Benefits and Supplemental Security Income under, respectively, Titles II and XVI of the Act. Defendant now seeks dismissal of Plaintiff's claims for failure to prosecute and lack of subject matter jurisdiction.

I. PROCEDURAL HISTORY

Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 25, 2008, alleging a disability onset date of March 20, 2008. (Compl. [Doc. #2] ¶¶ 3, 6.) After the Social Security Administration ("SSA")

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

initially denied her applications on August 26, 2008, Plaintiff filed a timely request for reconsideration. (Def.'s Br. [Doc. #8], Ex. 4, p. 3) The SSA again denied Plaintiff's claims upon reconsideration and sent copies of the notice of denial dated December 19, 2008, to both Plaintiff and her counsel, Chad F. Brown, at their addresses of record. (Def.'s Br., Ex. 4, pp. 4, 5-12.) The denial notices stated that Plaintiff could request a hearing to review the denial not later than sixty days from the date that she received notice of the denial. (Def.'s Br., Ex. 4, pp. 6, 9, 11.)

On March 4, 2009, seventy-five days after the date of the denial notices, Plaintiff requested a hearing to appeal her claims. (Def.'s Br., Ex. 4, pp. 14-15.) Along with the request, Plaintiff's attorney submitted a statement of good cause for untimely filing the appeal. (Def.'s Br., Ex. 4, p. 16.) Although there is no question that Plaintiff herself received notice of the denial of her claims upon reconsideration, Attorney Brown asserted that his office "did not receive [a] letter of denial at all." He also stated that, when Plaintiff contacted him and notified him that the denial date was December 19, 2008, he "used reasonable speed to prepare the paperwork," but that "it took several additional days to arrange for the claimant to return to the office to sign the additional paperwork (medical releases, etc.)" which resulted in a "slight late filing." (Id.)

On November 16, 2009, and Administrative Law Judge ("ALJ") dismissed Plaintiff's claims, finding that Plaintiff had not timely filed a request for a hearing or established good cause for failing to do so. (Def.'s Br., Ex. 4, pp. 17-19.) Plaintiff subsequently appealed the ALJ's dismissal, and on December 16, 2010, the Appeals Council denied Plaintiff's request for

2

review. (Def.'s Br., Ex. 4, pp. 20-21.) Thereafter, Plaintiff filed the civil action now before the Court.

On April 8, 2011, Defendant filed a Motion to Dismiss for Lack of Jurisdiction [Doc. #7], alleging that Plaintiff had not exhausted her administrative remedies before filing the Complaint, and, as such, the Court lacked subject matter jurisdiction to hear this case. Attorney Brown withdrew as Plaintiff's counsel due to a conflict of interest without having responded to Defendant's motion. (See Doc. #13, 14.) At the time of his withdrawal as counsel, he secured a ninety-day extension in order to allow time for Plaintiff to obtain additional counsel and file a response to Defendant's motion. However, Plaintiff failed to respond within that time period. In fact, as of the date of this Recommendation, Plaintiff has taken no further action in her case, prompting Defendant to file a Motion to Dismiss for Lack of Prosecution [Doc. #15] on May 13, 2013. Plaintiff has not responded to that Motion to Dismiss. Thus, both of Defendant's motions stand unopposed.

II.     DISCUSSION

Federal Courts have the inherent power to dismiss an action for failure to prosecute either sua sponte or on the motion of a party. Link v. Wabash Railroad Co., 370 U.S. 626, 629-32 (1962); see also Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30. In the present case, Plaintiff not only failed to take any action in this lawsuit beyond filing her Complaint, she also failed to respond to either of Defendant's motions for dismissal, despite being explicitly informed by Letter [Doc. #17] that

3

her failure to respond "may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter." Therefore, the Court concludes that Defendant's Motion to Dismiss for failure to prosecute should be granted.

Moreover, the Motion to Dismiss for lack of subject matter jurisdiction provides an alternative and independent basis for dismissing Plaintiff's claims. In that Motion, Defendant correctly argues that there is no "final decision" properly subject to judicial review in this case under 42 U.S.C. § 405(g). According to the allegations in the Complaint, Plaintiff's request for benefits was initially denied, and Plaintiff requested reconsideration of that denial, which resulted in an unfavorable decision. Her subsequent request for a hearing before an ALJ was denied on the basis that it was untimely. Thereafter, the Appeals Council denied her request for further review. No hearing was ever held. Nevertheless, Plaintiff asserts that she "exhausted the administrative process, and the Commissioner rendered a final decision on December 16, 2010." (Compl. ¶ 4.) However, under section 405(g), the Appeals Council's refusal to consider Plaintiff's untimely request for review does not constitute a "final decision made after a hearing" on the merits of her disability claims. See Adams v. Heckler, 799 F.2d 131, 133 (4th Cir.1986) (holding that "refusal to review for failure to file a timely request [does] not constitute a final decision by the [Commissioner]"); see also Whary v. Colvin, 2103 WL 1522003 (M.D.N.C. April 15, 2013) (holding that where the Appeals Council dismissed an untimely request for review, "no judicially reviewable decision has been issued" and "Plaintiff has failed to show that the Court has subject matter jurisdiction to review his claims.").[2] Accordingly, because no judicially

---

[2] The Court also notes that Plaintiff has not asserted any constitutional claim challenging the administrative proceedings in this case.

4

Case 1:11-cv-00095-CCE-JEP Document 18 Filed 12/04/13 Page 4 of 5

reviewable decision has been issued, Defendant's Motion to Dismiss should be granted on this basis as well.

IT IS THEREFORE RECOMMENDED that the Defendant's Motions to Dismiss for Lack of Jurisdiction [Doc. #7] and Lack of Prosecution [Doc. #15] be GRANTED, and that this action be DISMISSED without prejudice.

This, the 4th day of December, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge